1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

PAUL ALTON M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C23-0184 RSM

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS**

13    This matter is before the Court on the Commissioner's motion to dismiss Plaintiff's

14  complaint as untimely.  Dkt. 13.  Plaintiff filed no response to the Commissioner's motion,

15  which was noted for consideration on May 26, 2023.  *See* Dkt. 13 at 1; Local Civil Rule 7(d)(3).

16  Because Plaintiff did not file this action within the 60-day limitation period under 42 U.S.C. §

17  405(g), and Plaintiff has not demonstrated extraordinary circumstances warranting equitable

18  tolling, the Court **GRANTS** the Commissioner's motion and **DISMISSES** this case with

19  prejudice.

20                                              **BACKGROUND**

21    On November 30, 2021, an ALJ issued a decision denying Plaintiff's application for

22  Supplemental Security Income under Title XVI of the Social Security Act.  Dkt. 14 at 5–25.  In a

23  notice dated November 30, 2022, the Appeals Council denied Plaintiff's request to review the

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 1

ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *Id.* at 26–31; 20 C.F.R. § 416.1481. Plaintiff, proceeding *pro se*, filed a complaint in this matter on February 8, 2023. Dkt. No. 5. Defendant filed a motion to dismiss Plaintiff's complaint as untimely on May 3, 2023. Dkt. No. 13.

### DISCUSSION

A claimant may obtain judicial review of a final decision of the Commissioner by a civil action commenced 60 days after the mailing of such a decision. 42 U.S.C. § 405(g). The Appeals Council may extend this period "upon a showing of good cause." 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). It is presumed the claimant receives the notice five days after the date on the notice, unless "there is a reasonable showing otherwise." 20 C.F.R. § 422.210(c).

In this case, the Appeals Council's notice of denial was dated November 30, 2022. Dkt. 14 at 26–31. It is presumed Plaintiff received the notice on December 5, 2022. 20 C.F.R. 422.210(c). Under 42 U.S.C. 405(g), and as stated in the notice of denial, Plaintiff had 60 days after this date to seek judicial review of the Commissioner's final decision. Therefore, Plaintiff's deadline to file an action was February 3, 2023. *See* Dkt. 14 at 27–28. Though Plaintiff dated his complaint February 3, 2023, he did not file it until February 6, 2023. Dkt. 5.

The 60-day statute of limitations must be strictly construed, but is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 479, 481 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Here, Plaintiff filed his civil action after the 60-day limit had expired. There is nothing in the record to indicate Plaintiff submitted a request to extend the deadline. Plaintiff also has not filed any opposition to Defendant's motion to dismiss and thus has provided no argument that the statute of limitations should be equitably tolled. *See* Dkt. 5. Moreover, Plaintiff's complaint lacks any factual allegations demonstrating circumstances under

which the statute of limitations should be equitably tolled.  *See id*.  Therefore, the Court finds the 60-day time restriction set forth in 42 U.S.C. § 405(g) applies and thus bars review of the Commissioner's decision denying the claim for Social Security benefits.

Accordingly, the Court **GRANTS** the Commissioner's motion and **DISMISSES** this case with prejudice.

DATED this 20th day of June, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 3